UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TARA H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:21-cv-01620-JRC <br><br> ORDER ON PLAINTIFF'S COMPLAINT |

This matter is before the Court on the parties' consent and on plaintiff's complaint. *See* Dkt. 5. The matter has been fully briefed. *See* Dkts. 17, 24, 25.

Plaintiff is a 45-year-old woman with past relevant work experience as a machine packager and small products assembler, who claims she could not work due to various mental impairments, including depressive disorder, anxiety disorder, posttraumatic stress disorder, and borderline personality disorder. The Administrative Law Judge ("ALJ") found that plaintiff was

ORDER ON PLAINTIFF'S COMPLAINT - 1

not disabled because she has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain limitations.

In finding plaintiff not disabled, the ALJ rejected the medical opinion of Charlton Lacerna, M.D., who opined that due to plaintiff's impairments, she had problems with her short-term memory, ability to concentrate or complete tasks, attendance, social functioning, and stress, which would prevent her from engaging in simple full-time work. In rejecting Dr. Lacerna's opinion, the ALJ repeated some of the reasons that were found deficient the first time this matter was before a district court. The Court sees no reason to depart from that analysis this time around. The new reasons offered by the ALJ are not supported by substantial evidence in the record. Thus, the Court concludes that the ALJ once again erred in rejecting Dr. Lacerna's opinion.

The error was not harmless. If the medical opinion is credited as true, the ALJ would be required to find plaintiff disabled on remand. Furthermore, because the ALJ has committed the same errors twice, remanding this case for the ALJ to reevaluate the evidence would serve no useful purpose. It's been over five years since plaintiff initially applied for benefits. While the length of the proceedings is not, in and of itself, a reason to grant benefits, in this instance, it should not be a matter of the Administration claiming once again that "heads we win; tails, let's play again." Thus, the Court remands this matter for an award of benefits.

**BACKGROUND**

Plaintiff Tara H. was born in 1977 and was 39 years old on the alleged date of disability onset of December 1, 2016. *See* Administrative Record ("AR") 668, 681. Plaintiff has a limited education and past relevant work experience as a machine packager and small products assembler. *See id.* at 681

1        Plaintiff filed applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on June 19, 2017. AR 668. Both applications were denied initially and following reconsideration. *See* AR 15. Plaintiff's requested hearing was held before ALJ Glenn G. Meyers on December 11, 2018. *See id.* at 30. On January 29, 2019, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See id.* at 25.

        Plaintiff appealed the ALJ's decision to the district court and, on November 2, 2020, Magistrate Judge Tsuchida reversed and remanded the matter back to the ALJ for further proceedings. *See id.* at 745–752. Specifically, Judge Tsuchida concluded that the ALJ erred in rejecting the medical opinion of Dr. Lacerna. *See id.* at 748. On remand, plaintiff had a second hearing with ALJ Meyers. *See id.* at 690. During the hearing, plaintiff requested a closed period of disability from December 1, 2016, through July 31, 2019. *See id.* at 668. On September 14, 2021, the ALJ issued a written decision in which he concluded that plaintiff was not disabled. *See id.* at 682–83.

        In December 2021, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. *See* Dkts. 1, 5. Defendant filed the sealed administrative record regarding this matter on April 22, 2022. *See* Dkt. 13. The matter has been fully briefed.

## DISCUSSION

        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff raises the

following issues in her opening brief: (1) whether the ALJ erred by rejecting medical opinions; and (2) whether the ALJ erred by failing to support his RFC assessment with the opinion of any physician. *See* Dkt. 17. Because the first issue is dispositive, the Court does not reach the second.

## I. Medical Opinion Evidence

Plaintiff argues that the ALJ failed to properly weigh the medical opinion evidence. *See* Dkt. 17 at 3. For applications filed before March 27, 2017, the Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and that if an ALJ rejects such an opinion and the opinion is contradicted by another doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). However, for applications filed on or after March 27, 2017, the Administration has directed ALJs to no longer to defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit recently held that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### A. Charlton Lacerna, M.D.

Plaintiff argues that the ALJ erred in rejecting the medical opinion of Charlton Lacerna, M.D. *See* Dkt. 17 at 5. Dr. Lacerna was plaintiff's primary care physician from August 2016 to

August 2018. *See* AR 379, 537. On May 8, 2018, Dr. Lacerna completed a medical source statement for plaintiff and diagnosed her with borderline personality disorder and generalized anxiety disorder. *See id.* at 501. Dr. Lacerna stated that due to plaintiff's impairments, she had problems with her short-term memory and her ability to concentrate or complete tasks, which would prevent her from engaging in simple full-time work. *See id.* at 497. Dr. Lacerna also stated that plaintiff had problems with attendance, social functioning, and stress. *See id.* at 498–499.

The ALJ rejected Dr. Lacerna's medical opinion because it "is not well supported or consistent with the record as a whole." AR 679. The ALJ stated that Dr. Lacerna's opinion is not supported by his own records because Dr. Lacerna "repeatedly noted that [plaintiff] was pleasant and had normal thought process" and that plaintiff's "memory was repeatedly described as normal or adequate." AR 679. The ALJ also stated that "[t]he record supports some difficulties with concentration, but also note[s] fair concentration that is inconsistent with the degree of limitation assessed by Dr. Lacerna." *Id.*

The problem with this reason is that it was already rejected by Judge Tsuchida, who stated the following:

> The ALJ found Plaintiff's mental status examinations generally showed normal 'thought processes and content, pleasant demeanor, and intact judgment.' Yet other providers consistently observed multiple abnormalities such as anxious mood and affect, jittery or restless psychomotor activity, concentration difficulty, and pressured speech. The ALJ failed to explain why these extensive abnormal results were insufficient to support Dr. Lacerna's opinions, which were premised on anxiety and personality disorders rather than thought disorders, or why abnormal results were less probative than normal thoughts and judgment.

AR 746 (internal citations omitted). The Court agrees with Judge Tsuchida and finds that the ALJ again failed to explain why some medical records indicating that plaintiff was pleasant and normal outweigh the vast majority of records that found abnormalities in plaintiff's speech, mood, affect, and attention or concentration. *See* Dkt. 17 at 6–9 (collecting citations to the

ORDER ON PLAINTIFF'S COMPLAINT - 5

1   record). Regarding plaintiff's memory, defendant cites to medical notes that describe plaintiff's

2   memory as normal. *See* Dkt. 24 at 4. However, Dr. Lacerna stated that plaintiff had problems

3   with short-term memory—not her memory overall. *See* AR 496. The notes cited by defendant do

4   not differentiate between immediate, short-term, and long-term memory. *See* AR 518, 524, 529,

5   535, 539. The distinction is important because, when examined, plaintiff had normal immediate

6   memory and long-term memory but suffered from impaired short-term memory. *See* AR 493.

7   Thus, this reason is not supported by substantial evidence.

8         The ALJ also stated that Dr. Lacerna's opinion is inconsistent with his recommendation

9   that plaintiff should look into starting a small business in bead accessories to help with her

10  financial difficulties. *See* AR 679. However, the ALJ does not explain why that statement is

11  inconsistent with Dr. Lacerna's opinion. Having a small-scale business (for example, selling

12  homemade beads to friends and family) would not necessarily be inconsistent with the

13  limitations assessed by Dr. Lacerna. The one sentence the ALJ relies on is devoid of any context

14  as to the scope of the recommendation. *See* AR 442. The ALJ was not free to assume that the

15  recommendation was inconsistent with Dr. Lacerna's opinion and should have sought

16  clarification from Dr. Lacerna if he had any doubts. *See Smolen v. Chater*, 80 F.3d 1273, 1288

17  (9th Cir. 1996) (explaining that ALJs have a special duty to fully and fairly develop the record).

18        The ALJ further stated that "[t]here is no support or sufficient explanation for Dr.

19  Lacerna's statements regarding absences or inability to sustain a routine, as [plaintiff] was able

20  to attend appointments regularly and perform activities of daily living independently." AR 679.

21  Regarding plaintiff's attendance of appointments, the ALJ's conclusion is directly contradicted

22  by Dr. Lacerna's medical opinion, which states that plaintiff would forget her appointments. *See*

23  AR 498. Further, attending medical appointments is vastly different from attending a fulltime

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

job. As to the latter, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick*, 157 F.3d at 722 (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). The ALJ did not explain which activities of daily living contradict Dr. Lacerna's opinion. Nevertheless, Judge Tsuchida previously addressed this reason and concluded that "conflict with Plaintiff's activities was not a valid reason to discount Dr. Lacerna's opinions." AR 748. The Court sees no reason to depart from that conclusion this time around.

Finally, the ALJ stated that plaintiff's "ability to work indicates greater abilities than assessed by Dr. Lacerna, despite reports of continued symptoms." *Id.* The Court notes that plaintiff's work activity occurred after the requested closed period, which ended on July 31, 2019. The ALJ does not explain how this work activity contradicts Dr. Lacerna's opinion regarding plaintiff's ability to work during the closed period. Further, plaintiff's time working appears to have been ultimately unsuccessful and consistent with the limitations assessed by Dr. Lacerna, which were tolerated by her first supervisor, who was plaintiff's good friend, and not by the second supervisor—who fired plaintiff. *See* Dkt. 17 (documenting plaintiff's work activity). For example, plaintiff had multiple "no call, no shows" due to her anxiety and she was late nearly every day. AR 703, 709. "It does not follow from the fact that a claimant tried to work for a short period of time and, because of [her] impairments, *failed,* that [s]he did not then experience limitations severe enough to preclude [her] from *maintaining* substantial gainful employment." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1038 (9th Cir. 2007).

Accordingly, the Court concludes that the ALJ's reasons for rejecting Dr. Lacerna's opinion are not supported by substantial evidence in the record.

### B. Other Issues

Plaintiff also argues that the ALJ erred by rejecting another medical opinion and by failing to support his RFC assessment with the opinion of any physician. *See* Dkt. 17 at 1. Because the case may be resolved without considering the ALJ's assessment of this evidence, the Court declines to address these issues.

### II.     Remedy

Plaintiff asks this Court to remand this case for an award of benefits. *See* Dkt. 17 at 18. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020. However, when an ALJ errs, the proper course is to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Having concluded that the ALJ erred in rejecting Dr. Lacerna's

1  opinion, the only remaining issues are whether the record has been fully developed and whether

2  the improperly discredited evidence, if credited as true, would necessitate a finding of disability.

3        Here, the record has been fully developed and further administrative proceedings would

4  serve no useful purpose. This matter has been before the ALJ twice and simply providing another

5  opportunity for an ALJ to assess improperly evaluated evidence does not qualify as a remand for

6  a "useful purpose." *Garrison*, 759 F.3d at 1021–22 (citing *Benecke v. Barnhart*, 379 F.3d 587,

7  595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an

8  unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")).

9  Although there may be some inconsistencies in the record, they do not necessarily preclude a

10 determination that it is fully developed. *See Trevizo*, 871 F.3d at 683 (concluding that the record

11 was fully developed despite the existence of conflicting evidence). Therefore, the Court

12 concludes that the record has been fully developed and further proceedings would serve no

13 useful purpose.

14       The Court also concludes that plaintiff would have to be found disabled if the improperly

15 rejected opinion is credited as true. Dr. Lacerna reported that, due to plaintiff's mental health

16 symptoms, she would be absent from work twice a month. *See* AR 498. The vocational expert

17 ("VE") testified that employers would not tolerate a person that was absent even once a month.

18 *See* AR 717–18. Therefore, there is no serious doubt that plaintiff "is, in fact, disabled" if the

19 improperly discredited evidence is credited as true. *Garrison*, 759 F.3d at 1021.

20       Finally, the Court exercises its discretion to remand this case for an award of benefits.

21 The ALJ repeated the same errors that were previously addressed by a court, and plaintiff has

22 been waiting for over five years for her disability determination. *See Smolen v. Chater*, 80 F.3d

23

24

1273, 1292 (9th Cir. 1996) (exercising its discretion to remand for a determination of benefits after the plaintiff had waited over seven years for a disability determination).

## CONCLUSION

Based on these reasons and the relevant record, the Court orders that this matter be reversed and remanded for the calculation and award of benefits. Judgment should be for plaintiff and the case should be closed.

Dated this 9th day of September, 2022.

_____
J. Richard Creatura
Chief United States Magistrate Judge